## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **TERESA HAYES** | § | |
| | § | |
| **VS.** | § | **CASE NO.** _____ |
| | § | |
| **ABIYU AHMED, PAM TRANSPORT, INC.,** | § | |
| **a/k/a PAM CARTAGE CARRIERS, LLC,** | § | |
| **a/k/a PAM CARTAGE CARRIERS, AND** | § | |
| **REGINA MORPHEW** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants file this notice of removal under 28 U.S.C. § 1446(a).

### A. INTRODUCTION

1.      Plaintiff is Teresa Hayes; Defendants are Abiyu Ahmed; P.A.M. Transport, Inc., a/k/a PAM Cartage Carriers, LLC., a/k/a PAM Cartage Carrier, and Regina Morphew.

2.      On April 24, 2015, plaintiff sued defendants for negligence and negligent entrustment related to a collision in the District Court of Jefferson County, Texas 58th Judicial District. (Exhibit 1), Plaintiff's Petition included in Certified Copy Notice of Filing state Court file, 58th Judicial District, Jefferson County)

3.      Defendant Ahmed has not been served with this lawsuit.   Defendants P.A.M. Transport, Inc., a/k/a PAM Cartage Carriers, LLC., a/k/a PAM Cartage Carrier were served with this lawsuit on May 12, 2015. (Exhibit 1, Certified Copy of state Court File).  Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. sec. 1446(b).  *Bd. Of Regents of Univ. Of Tex. Sys. V. Nippon Tel. & Tel. Corp.,* 478 F.3d 274, 278 (5th Cir. 2007).

### B. BASIS OF REMOVAL

4.      Removal is proper because there is complete diversity between the parties. 28 U.S.C.

Sec. 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.,* 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiff is a citizen of Texas. (Exhibit 2, Ahmed Affidavit). Defendant Ahmed is a citizen of Georgia.  Defendant PAM Transport, Inc. is incorporated in Arkansas and a citizen of Arkansas (Exhibit 3).  Defendant PAM Cartage is an L.L.C. formed in Ohio on September 21, 1995 and a citizen of Ohio, with headquarters in Arkansas (Exhibit 3).

Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. (See Exhibit 1, Plaintiff's Original Petition). U.S.C. Sec. 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.,* 447 F.3d 510-514-15 (7th Cir. 2006).  Plaintiff's petition seeks damages in excess of the minimum jurisdictional limits of the 58th District Court of Jefferson County, Texas.  Although the petition does not state a specific amount, Defendants may rely upon an estimation of damages calculated form the allegations in the petition. *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008); *Meridian Sec. Ins. V. Dadowski,* 441 F.536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  In the state court suit, Plaintiff seeks recovery for medical expenses, reasonable and necessary, past and future; physical pain and suffering and mental anguish, past and future; physical impairment in past and future; lost wages and loss of earning capacity, past and future; disfigurement, past and future; miscellaneous expenses, past and future; and all other damages allowed by Texas Law. (Exhibit 1).  It is evident from the damages listed in Plaintiff's pleading, that the amount in controversy exceeds the $75,000 jurisdictional limits of this Court.

5.      All defendants who have been properly served, Defendants P.A.M. Transport, Inc., a/k/a PAM Cartage Carriers, LLC., a/k/a PAM Cartage Carrier, consent to the removal of this case. At the time of filing this removal, only Defendant Ahmed has not been served with this lawsuit. Defendant Ahmed has consented to removal in a related case already in Federal Court and will consent to removal in this case when served.

6.      Consent of Defendant, Abiyu Ahmed is not necessary because he has not yet been served.  Even prior to service, both entities, P.A.M. Transport, Inc., a/k/a PAM Cartage Carriers, LLC., a/k/a PAM Cartage Carrier consent to this removal as they are sued under the theory of *respondeat superior* as employers of Mr. Ahmed.

7.      Certified copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. sec. 1446(a).

8.      Venue is proper in this district, the United States District Court Eastern District of Texas, under 28 U.S.C. sec. 1441(a) because the state court where the suit has been pending, the 58th Judicial District Court, Jefferson County, Texas, is located in this district.

9.      Defendant(s) will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C.  JURY DEMAND

10.      Plaintiff did demand a jury in the state court suit.

### D.  DIVERSITY

11.      Complete diversity exists and all Defendants consent to this removal.  For these reasons, Defendants ask the court to remove the suit to the United States District Court Eastern District of Texas.

Respectfully submitted,

FAHL & ASSOCIATES, P.C.

**GLENN J. FAHL**
State Bar No. 06773080
gfahl@fahl-law.com
3900 Essex Lane, Suite 330
Houston, Texas 77027
(713) 627-7800
(713) 627-7804 Facsimile
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on 8th, day of June, 2015, a copy of the above and foregoing was served by fax and certified U.S. mail, return receipt requested, on the following attorneys in charge for Plaintiff, Teresa Hayes:

*Via efile*
*and/or email: deb@hartlawteam.com*
*and/or via facsimile no.: (409) 883-2108*
Michael Catt
CATT LAW FIRM, P.C.
1705 16th Street
Orange, Texas 77630

*Via efile*
*and/or via email: sparkhurst@dieslaw.com*
*and/or via facsimile no.: (409) 670-0888*
Steve Parkhurst
DIES & PARKHURST, LLP
1009 West Green Avenue
Orange, Texas 77630

GLENN J. FAHL