\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TERESA HAYES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 1:15-cv-219 |
| v. | § | |
| | § | JUDGE RON CLARK |
| ABIYU AHMED, PAM TRANSPORT, INC., | § | |
| a/k/a PAM CARTAGE CARRIERS, LLC, | § | BRC |
| a/k/a PAM CARTAGE CARRIERS, AND | § | |
| REGINA MORPHEW | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OF REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 24, 2015, Plaintiff Teresa Hayes filed this action in the District Court of Jefferson County, Texas, 58th Judicial District. Doc. 1-2. On June 8, 2015, the case was removed to this court on the basis of diversity jurisdiction. Doc. 1. The state court petition, however, clearly reveals that Plaintiff Teresa Hayes and Defendant Regina Morphew are both residents of Orange County, Texas. Doc. 1-2. Therefore complete diversity does not exist between the parties.

In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009). In removed cases where, as here, there is no federal question, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds

1

$75,000.00.  *See* 28 U.S.C. § 1332.  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 551 (2005); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006).

Because there is not complete diversity between the parties, the court lacks subject matter jurisdiction.  It is therefore ORDERED that the case is REMANDED to the 58th Judicial District Court of Jefferson County, Texas.

IT IS FURTHER ORDERED that Defendants' Motion to Consolidate (Doc. 7) and Defendants' Partial Motion to Dismiss (Doc. 6) are DISMISSED AS MOOT.

So **ORDERED** and **SIGNED** this **31** day of **July, 2015.**

_____
Ron Clark, United States District Judge